UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL MATYSIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-1889-TWP-DKL |
| | ) | |
| JUDD TRANSPORTATION, L.L.C., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Entry and Order on *Agreed Motion to Continue Non-Expert Liability Discovery and Expert Disclosure Deadlines* [dkt. 81] and *Defendants' Motion to Strike Contentious and Superfluous Language from Agreed Motion* [dkt. 82]

This cause comes before the Court on an *Agreed Motion to Continue Non-Expert Liability Discovery and Expert Disclosure Deadlines* and *Defendants' Motion to Strike Contentious and Superfluous Language from Agreed Motion*.

Pursuant to this Court's Entry from the October 16, 2015 conference, the non-expert liability discovery deadline is December 30, 2015; Plaintiff's expert disclosures are due January 18, 2016; and Defendants' expert disclosures are due February 18, 2016. Pursuant to the Case Management Plan as approved by the Court, expert witness discovery and discovery relating to damages is to be completed by March 17, 2016. This case is currently set for trial before the Honorable Tanya Walton Pratt on July 18, 2016.

Plaintiff filed the Agreed Motion, seeking an extension of non-expert liability discovery and expert disclosure deadlines. More specifically, he seeks additional time to

obtain records and discovery responses and to determine whether various depositions need to be taken. The information obtained through this discovery, according to Plaintiff, will impact the decision regarding retention of experts. The Agreed Motion seeks to extend the deadlines referred to in the preceding paragraph by roughly 60 days each. The proposed order accompanying the Agreed Motion indicates that the parties would like a telephonic conference to reschedule the trial date to September 2016.

The Agreed Motion states that Plaintiff's counsel spoke with Defendants' counsel who indicated that Defendants had no objection to continuing the aforementioned deadlines, provided the parties could obtain a brief continuance of the trial date. Thus the undersigned finds that the motion should be granted. However, while the Agreed Motion has been referred to the undersigned for ruling, any trial continuance must be made by the district judge who controls her own calendar. To that end, Plaintiff and/or the parties will need to file a motion to continue the trial setting and/or seek a conference with Judge Pratt for purposes of resetting the trial date, if she is inclined to do so. Given the continuance of the upcoming deadlines, the undersigned recommends that the trial setting also be continued to allow sufficient time for trial preparation following the close of discovery.

The motion to strike seeks to strike "contentious and superfluous language" in the Agreed Motion. [*Defendants' Motion to Strike Contentious and Superfluous Language from Agreed Motion*, dkt. 82 at 1.] Defendants argue that Plaintiff included unnecessary factual information in the Agreed Motion that is disputed and prejudicial to Defendants, namely that Defendant Brett Larsen suffered from a medical condition that caused him to fall

asleep at the wheel, language to which Defendants "certainly did not agree." [*Id.* at 2, ¶ 7.] Defendant seeks to strike paragraphs 2 through 5 of the Agreed Motion.

Rule 12(f) of the Federal Rules of Civil Procedure provides that a district court to "'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (quoting Fed. R. Civ. P. 12(f)). Motions to strike are generally disfavored because they may serve only to delay. *See Heller Fin., Inc. v. Midwhey Powder,* 883 F.2d 1286, 1294 (7th Cir. 1989). Therefore, courts have required a party to show prejudice to prevail on a motion to strike. *See, e.g., Coop v. Durbin*, No. 1:15-CV-01330-RLY, 2015 WL 7176341, at *1 (S.D. Ind. Nov. 13, 2015); *Equal Emp't Opportunity Comm'n v. Amsted Rail Co.*, No. 14-CV-1292-JPG-SCW, 2015 WL 4473967, at *1 (S.D. Ill. July 21, 2015). A district court has considerable discretion to strike allegations under Rule 12(f). *See Delta*, 554 F.3d at 1141-42.

The Agreed Motion is not a pleading, and Defendants cite no authority to support their request to strike information from the motion. *See* Steven Baicker-McKee et al., *Federal Civil Rules Handbook* 520 (Thomason Reuters/West 23rd ed. 2016) ("As defined in Rule 12(f), motions to strike are directed to 'pleadings' only."). The Court certainly understands that Defendants did not and do agree that Defendant Larsen suffered from a medical condition that caused him to fall asleep at the wheel. That issue will be contested at trial. However, the language of the Agreed Motion is not an admission by any party, and it is difficult to appreciate how the inclusion of the objected-to language

could prejudice Defendants. The Court therefore finds that the motion to strike should be denied.

Accordingly, *Defendants' Motion to Strike Contentious and Superfluous Language from Agreed Motion* [dkt. 82] is **DENIED** and the *Agreed Motion to Continue Non-Expert Liability Discovery and Expert Disclosure Deadlines* [dkt. 81] is **GRANTED** and it is **ORDERED** that:

1. Non-expert Liability Discovery is to be completed by February 29, 2016;
2. Plaintiff is to provide his expert disclosures by March 18, 2016;
3. Defendants are to provide their expert disclosures by April 18, 2016;
4. Expert witness discovery and discovery relating to damages shall be completed by May 20, 2016; and
5. Plaintiff and/or the parties shall file a motion to continue the trial setting.

**SO ORDERED THIS DATE:** 12/21/2015

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic Distribution to All Counsel of Record