UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL MATYSIK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:14-cv-1889-TWP-DKL |
| | ) |
| JUDD TRANSPORTATION, L.L.C., *et al.*, | ) |
| | ) |
| Defendants. | ) |

*Entry and Order on Defendants' Motion for a Protective Order Against Discovery Into Defendant Brett Larsen's Medical History* [doc. 92]

This cause comes before the Court on *Defendants' Motion for a Protective Order Against Discovery Into Defendant Brett Larsen's Medical History*. At issue is Plaintiff's First Supplemental Discovery Requests to Defendant Larsen, seeking the identification of pharmacies at which Larsen filled any prescription between May 28, 2013 and September 7, 2013, and Larsen's execution of an authorization for release of medical information. Plaintiff has filed a response to the motion, and Defendants have filed a reply. District Judge Tanya Walton Pratt referred the motion to the undersigned for ruling.

Previously, Defendants moved to quash subpoenas issued to Dr. Paula Robinson, Estill Medical Clinic, and North Toledo Urgent Care, which subpoenas sought Larsen's DOT physical exam files. The motion to quash was denied on January 14, 2016, by Magistrate Judge Paul R. Cherry of the U.S. District Court for the Northern District of

Indiana. The judge's opinion noted that the information sought was relevant and discoverable and that the nonparties had already complied with the subpoenas. The undersigned cannot and does not revisit Magistrate Judge Cherry's denial of the motion to quash the subpoenas at issue.

Defendants' motion for protective order states that they seek "to claw back any of Larsen's medical records which have already issued…." [*Def.'s Mot. Protective Order*, doc. 92 at 3.] A "claw back" generally relates to inadvertent disclosure or production of privileged or otherwise protected material. *See, e.g., FDIC v. Fidelity & Deposit Co.*, No. 3:11-cv-19-RLY-WGH, 2013 WL 2421770, at *5 (S.D. Ind. June 3, 2013). Given Magistrate Judge Cherry's ruling, it cannot be said that compliance with the subpoenas issued to Dr. Robinson, Estill Medical Clinic, and North Toledo Urgent Care was inadvertent.

As an aside, however, the subpoenas sought records relating to Larsen's DOT physical examination, which are relevant and discoverable. *See, e.g., Crowe v. Booker Transp. Servs., Inc.*, No. 11-690-CV-FJG, 2013 WL 394184, at *2-3 (W.D. Mo. Jan. 30, 2013) (granting motion to compel production of medical records from defendant driver's DOT physical examination); *Jackson v. Wiersema Charter Serv., Inc.,* No. 4:08 CV 27 JCH, 2009 WL 1798389, at *1 (E.D. Mo. June 24, 2009) (stating that "[r]ecords pertaining to a [commercial driver's license] medical examination are not within the scope of the physician-patient privilege"); *State ex rel. Hayter v. Griffin*, 785 S.W.2d 590, 595-96 (Mo. Ct. App. 1990) (concluding that an examination which was for purposes of satisfying federal regulations and not for purposes of medical care or treatment was not protected and stating that the "physician-patient privilege extends only to information acquired by the

physician for the purposes of prescribing and treatment"). Those courts applied Missouri privilege law, but it seems that the same result would obtain under Indiana law. *See Canfield v. Sandock*, 563 N.E.2d 526, 529 (Ind. 1990) (explaining "that the physician-patient privilege has been justified on the basis that its recognition encourages free communications and frank disclosure between patient and physician which, in turn, provide assistance in proper diagnosis and appropriate treatment") (quotation and citation omitted). Because the DOT physical examination was for purposes of meeting federal regulatory requirements and not for purposes of diagnosis and treatment, those examination records would not be protected by the physician-patient privilege.

However, the privilege extends to Larsen's other medical records. The physician-patient privilege provides that physicians "shall not be required to testify … as to matters communicated to them by patients, in the course of their professional business, or advice given in such cases." Ind. Code § 34-36-3-1(2); *see, e.g.*, *Powell v. United Parcel Serv., Inc.*, No. 08-cv-1621-WTL-TAB, 2010 WL 1490029, at *2 (S.D. Ind. Apr. 13, 2010). The "privilege has been justified on the basis that it encourages free communication and frank disclosure between patient and physician and provides assistance in the proper diagnosis and appropriate treatment." *Vargas v. Shepherd*, 903 N.E.2d 1026, 1030 (Ind. Ct. App. 2009). The privilege is not absolute and can be waived. *Id.* If a party "places his mental or physical condition at issue in a lawsuit, he has impliedly waived the physician-patient privilege to that extent." *Id.*

Larsen has not expressly waived the privilege. Nor has he impliedly waived it. He has not placed his health at issue in this lawsuit. He claims no personal injury; he has

3


not raised his medical condition or health as a defense. Rather, Matysik is the one who has placed Larsen's medical condition at issue by arguing that Larsen suffered from a condition that caused him to fall asleep at the wheel. Because Larsen has not waived the physician-patient privilege protecting his medical records, further inquiry into his medical records, specifically including but not limited to the information sought in Plaintiff's First Supplemental Discovery Requests, seeks discovery of irrelevant and undiscoverable information.

Rule 26(c) of the Federal Rules of Civil Procedure provides that "[t]he court, may for good cause, issue an order to protect a party … from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The court may enter an order "forbidding the disclosure of discovery" and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters…." Fed. R. Civ. P. 26(c)(1)(A), (D).

Defendants have shown good cause for forbidding Plaintiff from further inquiry and discovery into Defendant Larsen's medical records, documents, images, bills, and prescription information. Accordingly, the Court declines Plaintiff's request to order Larsen to execute the medical authorization included in Plaintiff's First Supplemental Discovery Requests and **GRANTS** *Defendants' Motion for a Protective Order Against Discovery Into Defendant Brett Larsen's Medical History* [doc. 92].

SO ORDERED THIS DATE:  02/12/2016

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic Distribution to All Counsel of Record