# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MICHAEL MATYSIK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 1:14-cv-1889-TWP-DKL** |
| | ) | |
| **JUDD TRANSPORTATION, L.L.C.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

*Entry and Order on Plaintiff's Motion for Leave to Serve Additional Interrogatories* [doc. 99]

Plaintiff has filed *Plaintiff's Motion for Leave to Serve Additional Interrogatories*. District Judge Tanya Walton Pratt referred the motion to the undersigned for ruling.

Plaintiff seeks leave pursuant to Fed. R. Civ. P. 33(a)(1) to serve 6 additional interrogatories pertaining to his punitive damages claim, specifically relating to the wealth of Defendants Bolt Express, LLC and Judd Transportation, LLC.  [*See Pl.'s Mot. Leave Serve Addt'l Interrogs.*, doc. 99 ¶¶ 3-4.]   Under that rule, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories …."  Fed. R. Civ. P. 33(a)(1).  The court may grant leave to serve additional interrogatories "to the extent consistent with Rule 26(b)(1) and (2)."  *Id.*  The court understands Plaintiff as asking only for leave to serve 6 more interrogatories.  He has not provided the Court with the proposed interrogatories.

Plaintiff argues that when punitive damages are sought, the defendant's economic wealth is discoverable and admissible.  Defendants respond that discovery on punitive damages is premature at this time, and is premature unless and until Plaintiff proves a claim for which compensatory damages are available.  They cite Indiana substantive law regarding the prerequisite to receiving a punitive damages award rather than federal procedural law.

"[T]he majority of federal courts, and courts within this Circuit, have permitted plaintiffs seeking punitive damages to discover information related to the defendant's financial condition *prior* to making a prima facie case that [he] may recover punitive damages."  *E.E.O.C. v. SVT, LLC*, No. 2:13-CV-245-RLM-PRC, 2014 WL 7148790, at *12 (N.D. Ind. Dec. 15, 2014) (quoting *Marshall v. GE Marshall, Inc.,* 2:09–CV–198, 2012 WL 2343368, at *4 (N.D. Ind. June 20, 2012)).  Plaintiff seeks punitive damages; discovery of Bolt Express, LLC's and Judd Transportation, LLC's wealth is relevant to his punitive damages claim and subject to discovery.  Defendants have not shown that such discovery would be premature at this time; indeed, the March 17, 2016 deadline for discovery relating to damages is fast-approaching.

*Plaintiff's Motion for Leave to Serve Additional Interrogatories* [doc. 99] is **GRANTED.** Plaintiff is **GRANTED** leave to serve 6 additional interrogatories relating to his punitive damages claim.

SO ORDERED THIS DATE:  03/09/2016

*Denise K. LaRue*

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic Distribution to All Counsel of Record